JAMES ARTHUR HOWERTON *v.* STATE OF ARKANSAS

5699                                    481 S.W. 2d 698

Opinion delivered June 12, 1972
[Rehearing denied July 17, 1972.]

*Oscar Fendler* and *Eudox Patterson,* for appellant.

*Ray Thornton,* Attorney General; *James A. Neal,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is primarily an appeal from an order revoking a suspended sentence in a criminal case. The appellant also questions the trial court's denial of a petition for postconviction relief, but since the same arguments are made with reference to both aspects of the case we need not discuss them separately.

We state the essential facts in chronological sequence. In November, 1969, three separate informations charging grand larceny were filed against the appellant, then sixteen years old. The court appointed an attorney for Howerton. One of the charges, Case No. 9947-A, was tried on April 7, 1970. The jury returned a verdict of guilty and

sentenced Howerton to imprisonment for one year. He served six months of that sentence before being released from confinement (apparently in the usual course of the parole system).

Appellant was again arrested and brought to trial, on November 10, 1970, upon the other two charges of larceny and upon three additional charges of a similar nature. He was again represented by the attorney who had been appointed to defend him. With the advice of counsel Howerton pleaded guilty to all five charges. He was sentenced to six years confinement upon each charge, the sentences to run concurrently. All the sentences were suspended upon condition that he serve a term of at least 90 days upon the Mississippi County Penal Farm. After having served for 96 days Howerton was again released. He went to his grandmother's farm in White county and worked there for several months.

In July, 1971, Howerton returned to Blytheville and again got into difficulties with the law. He was convicted in municipal court of having unlawfully possessed intoxicants (he being a minor), of drinking in public, and of carrying a concealed weapon (a length of pipe). Upon the basis of those convictions the prosecuting attorney sought a revocation of the six-year suspended sentences. Howerton's present counsel were appointed to act for him. After a hearing the court revoked the suspension of the sentences.

It is first argued that the April, 1970, conviction in Case No. 9947-A should be set aside, on the ground that the prosecution was allowed to introduce incompetent evidence. It is shown that a police officer was permitted to read to the jury a confession in which Howerton enumerated more than twenty thefts committed by him and a companion. This contention is without merit. In the first place, evidence of other offenses is sometimes admissible, as we pointed out in *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954). We cannot say from the record before us that the evidence in question was in fact inadmissible. If it was, however, the remedy was by appeal and not by a belated collateral attack upon the judgment. In the second

place, the point is actually moot. Howerton served half the sentence that was imposed at that trial. He was then released. Now, more than two years after the conviction, there is no possibility that Howerton can be required to serve the rest of that sentence.

Howerton also contends that the five six-year sentences, the suspension of which was revoked, should be canceled by this court as having been imposed in violation of the constitutional provision against double jeopardy. Here counsel's theory is that Howerton was tried in April, 1970, for all those offenses, simply because the State was allowed to submit to the jury the confession in which Howerton admitted having committed at least two of those offenses, if not all five of them (the record not being entirely clear).

We find this contention, for which no pertinent supporting authority is cited, to be without foundation. The introduction of the confession at the 1970 trial was, as we have indicated, at most a violation of the rules of evidence, for which the remedy was by appeal. It is clear that the reading of the confession could not possibly have put Howerton in jeopardy of being convicted of the various crimes described in that document. There was no way in which the jury could have found Howerton guilty of those offenses or have imposed punishment for their commission. In the circumstances the plea of double jeopardy is untenable.

Affirmed.

FOGLEMAN, J., not participating.