JAMES ARTHUR HOWERTON v. STATE OF ARKANSAS

5750                                    484 S.W. 2d 514

Opinion delivered September 18, 1972

*Thomas B. Tinnon, John T. Lavey, Bart G. Mullis, Eudox Patterson* and *Oscar Fendler,* for appellant.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

Frank Holt, Justice. This appeal comes from the trial court's denial of appellant's Petition for a Writ of Error Coram Nobis by which appellant seeks to set aside a one-year penitentiary sentence imposed by a jury in 1969 based upon a charge of grand larceny. He never appealed his sentence. After serving six months, appellant was released upon parole. For reversal of the trial court's order, he now contends that the court erred when it admitted appellant's entire confession in evidence over his objection.

This same contention was presented by appellant in the recently related case of *Howerton* v. *State,* 252 Ark. 803, 481 S.W. 2d 698. In considering the admissibility of this identical confession, there we said that if the confession was in fact inadmissible then the remedy was by appeal and not by a belated collateral attack upon the judgment. Furthermore, we observed that due to passage of time the question of admissibility of his confession is actually moot, inasmuch as there is presently no possibility that appellant could ever be required to serve the six months balance of his sentence. In the case at bar, it follows that we find no merit in appellant's renewed assertion.

The appellant next asserts that the trial court's actions and attitudes during the trial impeded the defense by appellant's court appointed counsel. The remedy, as in *Howerton.* v. *State, supra,* to correct this alleged error was by direct appeal rather than this belated collateral attack to expunge the approximately three year old sentence.

Affirmed.

Fogleman, J., not participating.